[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-11474
Non-Argument Calendar

_____

Agency No. A206-471-961

FRANCISCO FRANCISCO-PEDRO,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 3, 2020)

Before MARTIN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Francisco Francisco-Pedro, a native and citizen of Guatemala, seeks review of a Board of Immigration Appeals decision affirming denial of his application for cancellation of removal. Francisco-Pedro argues that the Immigration Judge

erroneously concluded that he had failed to establish that his removal would cause a qualifying relative to suffer an exceptional and extremely unusual hardship. Because Francisco-Pedro has not argued any constitutional or legal error, only a discretionary one, we lack jurisdiction over his petition. Upon consideration, the petition is DISMISSED.

## BACKGROUND

We presume familiarity with the factual and procedural history and describe it below only to the extent necessary to address the issues raised in this appeal.

The Department of Homeland Security issued a notice to appear to Francisco-Pedro, charging that he was removable because he was present in the country without having been admitted or paroled and without a valid entry document. Francisco-Pedro sought to avoid removal by filing an application for cancellation of removal and adjustment of status. He argued that his removal would cause his citizen son, now sixteen, to suffer exceptional and extremely unusual hardship from his father's removal. At a preliminary hearing, Francisco-Pedro admitted to the Department's allegations and conceded he was removable as charged.

At the merits hearing, Francisco-Pedro testified that in 2000 he entered the United States. He was in his mid-teens at the time. His parents and siblings remained in Guatemala where they are farmers. Soon after entering the United States, he began living with his partner. They had a son together. Francisco-Pedro's main concern for

2

his son is that he would not have access to the same medical care and educational opportunities in Guatemala. Francisco-Pedro testified that his son is a good student. He also testified that his son sometimes gets sick but has no specific medical problems.

On direct examination, Francisco-Pedro testified that, if removed, he would not bring his son and partner with him to Guatemala because he would not be able to support them, they would not have accommodations, and his son does not speak much Spanish. On cross-examination, Francisco-Pedro stated that, if removed, he would take his son and partner with him, but they would experience hardship.

The Immigration Judge denied Francisco-Pedro's application for cancellation of removal in a written decision. The Immigration Judge found that Francisco-Pedro, if removed, would leave his son in the United States. The Immigration Judge also found that although Francisco-Pedro had been continuously present in the United States for more than ten years and had good moral character, he had not established that the emotional or financial toll on his son would rise to the requisite level of exceptional and unusual hardship. The Board summarily affirmed the decision. This appeal followed.

## DISCUSSION

Francisco-Pedro asks us to revisit the Immigration Judge's discretionary determination that he failed to establish that the emotional or financial toll on his

citizen son would rise to the requisite level of exceptional and unusual hardship. The government responds that this Court does not have jurisdiction to review an Immigration Judge's discretionary decisions. We review our own subject matter jurisdiction de novo. *Jeune v. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). When the Board summarily affirms an Immigration Judge's decision, the affirmed decision "becomes the final removal order subject to review." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005).

The Attorney General, in his discretion, may grant cancellation of removal to an applicant who (1) has been physically present in the United States for at least ten years, (2) "has been a person of good moral character," (3) has not been convicted of certain crimes, and (4) establishes his "removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). The Immigration Judge found that Francisco-Pedro met all of these criteria except for exceptional and extremely unusual hardship to a family member.

This discretionary decision, like all discretionary decisions by the Department, lies beyond our appellate jurisdiction. 8 U.S.C. § 1252(a)(2)(B)(i). Our review is limited to constitutional claims and questions of law raised by challenges to the agency's decisions. 8 U.S.C. § 1252(a)(2)(D). Section 1252(a)(2)(D) "does not restore our jurisdiction" where the Board affirms an Immigration Judge's order

4

"due to the petitioner's failure to demonstrate the requisite hardship." *Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 549–50 (11th Cir. 2011). "[S]uch challenges are not constitutional claims or questions of law because what constitutes an 'exceptional and extremely unusual hardship' is itself a discretionary determination." *Id.* at 550.

Such is the case here. Francisco-Pedro's only argument is that we should review the Immigration Judge's conclusion that he failed to demonstrate the requisite level of hardship. He neither argues that the Immigration Judge applied the wrong legal standard nor that his constitutional rights were violated. As we have previously held, whether circumstances constitute an exceptional and extremely unusual hardship is a discretionary determination, over which we have no jurisdiction.

## CONCLUSION

Because we have no jurisdiction over an Immigration Judge's discretionary determinations, the petition is **DISMISSED**.